# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

ARIANNA TAYLOR, ERIC TAYLOR,   )
and GAIL TAYLOR,        )
                )
   Plaintiffs,        )   Case No. 3:14-cv-1363
                )   Judge Aleta A. Trauger
v.              )   Magistrate Judge Knowles
                )
CHARLES W. HARLAN, et al.,    )
                )
   Defendants.       )

## MEMORANDUM & ORDER

On August 24, 2015, the Magistrate Judge issued (1) a Report & Recommendation

(Docket No. 178), recommending that the Rule 12 motions collectively filed by all defendants

(Docket Nos. 83, 85, 91, and 96) be granted and the case dismissed, and (2) a Report &

Recommendation (Docket No. 187), recommending that the defendants' Joint Motion to Dismiss

for lack of subject matter jurisdiction (Docket No. 171) and the plaintiffs' Motion for

Enlargement of Time (Docket No. 176) be denied as moot.

On August 31, 2015, the plaintiffs filed an Emergency Motion (Docket Nos. 181), which

stated that the plaintiffs had been summoned to an Indianapolis hospital to be with Arianna

Taylor's sister, who allegedly was dying from cancer. On September 18, 2015, the plaintiffs

filed another "Emergency Motion" (Docket No. 183), which the court construes as a supplement

to the first Emergency Motion. In the supplement, the plaintiffs state they had to leave the

hospital to care for Arianna's sister Jazzlyn Taylor (presumably not the sister referenced in the

first Emergency Motion) and had checked Jazzlyn into a different Indianapolis Hospital for

treatment. The plaintiffs "request 90 days," which the court liberally construes as a request for a

90-day extension to file objections to the R&Rs.  Neither motion is supported by affidavit or any documentation about the assertions made therein.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made.  Fed. R. Civ. P. 72(b); 28 U .S.C. § 636(b)(1)(C); *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale,* 7 F.3d 506, 510 (6th Cir.1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review.  *See Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).

The Magistrate Judge's finding that the court lacks personal jurisdiction over the defendants is correct.  As the Magistrate Judge has explained, the undisputed affidavits in the case conclusively establish that the defendants are not subject to general or specific personal jurisdiction in Tennessee.  The plaintiffs' only arguments below were that (1) "the defendants" market their services on the internet, and (2) Arianna Taylor's annuity went into effect in 2014, after Arianna allegedly had moved to Tennessee.  In a detailed and carefully reasoned opinion, the Magistrate Judge appropriately found that none of the defendants had engaged in systematic and continuous contacts with Tennessee: the undisputed facts show that none of the defendants has a physical presence in Tennessee, solicits business in Tennessee, holds themselves out as doing business in Tennessee, or conducts any volume of business in Tennessee.  The Magistrate Judge also appropriately concluded that, even accepting the plaintiffs' allegations as true, the claims at issue did not arise from any defendants' purposeful availment of acting in, or causing consequences in, Tennessee, and that none of the events forming the basis for the plaintiffs' claims had occurred in Tennessee.  Thus, even if it is true that Ms. Taylor currently has a

Tennessee address and that some (unspecified) defendants may market their services on the internet, the plaintiffs' case lacks the type of connection that would support the exercise of personal jurisdiction over the defendants – all of whom reside outside of (or transact business outside of) Tennessee.

Under the circumstances, granting the plaintiffs an extension of time to file objections would be a futile exercise: nothing the plaintiffs could say would alter the district court's opinion that the Magistrate Judge's recommendation to grant the Rule 12 motions is correct.

Accordingly, the Magistrate Judge's Report and Recommendation concerning the first set of Rule 12 motions is **ADOPTED** and **APPROVED** as the findings of fact and conclusions of law of this Court. The court also **ADOPTS** and **APPROVES** the recommendations set forth in the Magistrate Judge's other August 24, 2015 Report & Recommendation. Therefore, the defendants' Motions to Dismiss (Docket Nos. 83, 85, 91, and 96) are **GRANTED**, the defendants' Joint Motion to Dismiss (Docket No. 171) is **DENIED AS MOOT**, the plaintiffs' Motion to Enlarge (Docket No. 176) is **DENIED AS MOOT**, and the plaintiffs' Emergency Motions (Docket Nos. 181 and 183) are **DENIED**.

This case is hereby **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

Enter this 25th day of September 2015.

ALETA A. TRAUGER
United States District Judge